IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MARY LESTER, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:12-CV-55-CDL-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, | |
| : | |
| Defendant. : | |
| _____ | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that he is unable to perform previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant applied for disability insurance benefits on August 26, 2008, alleging disability December 1, 2004, due to a shoulder injury. (Tr. 123; ECF No. 9.) Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on September 28, 2010, and following the hearing, the ALJ issued an unfavorable decision on October 9, 2010. (Tr. 12-19.) The Appeals Council ultimately denied Claimant's Request for Review on March 6, 2012. (Tr. 1-7.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity during the period from her alleged onset date through her date last insured of December 31, 2006. (Tr. 14.) The ALJ found that Claimant had a left rotator cuff tear, status post multiple repairs and obesity, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 16.)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work except that she could not use her left upper extremity for overhead reaching and had to avoid climbing ladders, ropes and scaffolds. (*Id*.) Based on the RFC, the medical evidence, and testimony provided by a Vocational Expert, the ALJ then

determined that Claimant[3] would be able to perform her past relevant work as a dental lab technician. (Tr. 18.) As such, Claimant was determined to be not disabled within the meaning of the Regulations.

## DISCUSSION

Claimant's sole issue in this case alleges that the ALJ erred in discounting her subjective allegations of pain. Specifically, Claimant contends that the ALJ failed to properly address the pain she experienced from a left shoulder injury from the time of her alleged onset date until her date last insured. (Cl.'s Br. 14; ECF No. 10.)

The Eleventh Circuit has held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995) (internal quote and citation omitted). Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

---

3 Claimant was 50 years old at the time of the ALJ's decision.

5

Additionally, 20 C.F.R. § 404.1529(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The record reveals that the ALJ specifically determined that Claimant's medically determinable impairments "could reasonably be expected to cause her alleged symptoms; however, the Claimant's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent that they are inconsistent with the residual functional capacity assessment." (Tr. 16.) In the Findings, the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of her pain. (Tr. 14-16). The ALJ then referenced the pain standard. *Id.* The ALJ acknowledged the requirements and procedures which must be followed in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p and 96-6p and 06-3p. *Id.* The ALJ's findings show that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with her functional restrictions, to find that her allegations of pain were less than credible during the relevant time period, and that the medical evidence of record did not support the severity alleged. *Id.*

The Eleventh Circuit has held that the ALJ must "clearly articulate explicit and

6

adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). Although "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* (quotations and citations omitted). While the ALJ did not specifically state that he considered the remaining factors found in 20 C.F.R. § 404.1529(c)(3) in assessing Claimant's credibility, the record reveals that the ALJ did consider Claimant's medical condition as a whole in making his credibility assessment.

As to Claimant's contention that the ALJ "overstated [Claimant's] daily activities, and [] failed to address any of the other factors the ALJ is required to consider when evaluating credibility,"[4] her claim lacks merit. The record does reveal that the ALJ misstated the testimony given by Claimant at the hearing when he quoted Claimant as

---

4   The Regulations, at 20 C.F.R. § 404.1529(c)(3), state, in relevant part that the:
    Factors relevant to your symptoms, such as pain, which we will consider include:
    (i) Your daily activities;
    (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
    (iii) Precipitating and aggravating factors;
    (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
    v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
    (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
    (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

stating that she "did not have the use of any arms." (Tr. 16.)  At the hearing, Claimant acknowledged that during the relevant time period she didn't have any use of her left arm. (Tr. 32.)  In view of the record as a whole, the ALJ's misstatement is found to be harmless.  As to her claim that the ALJ overstated her activities of daily living, the Claimant's argument is inaccurate.  Claimant admitted at the hearing that she could do minor housework, cook simple things, drive to doctor's appointments, and could shop for things other than groceries.  (Tr. 16, 35.)  Thus, Claimant's testimony shows that she could do light chores, drive, and cook, just as the ALJ stated.

     The Eleventh Circuit has held that an ALJ is not required to make any explicit credibility finding where the decision includes a thorough discussion of a Claimant's allegations in light of the record as a whole.  *Brown v. Coom'r of Soc. Sec.*, 442 F. App'x 507, 513 (11th Cir. 2005) (citation omitted).  Ultimately, the ALJ determined that Claimant was able to work, despite her left shoulder impairment and obesity, as long as she did not use her left upper extremity for overhead reaching and avoided climbing ladders, ropes and scaffolds.   (Tr. 16.)  The implication of the ALJ's credibility finding —that Claimant's complaints were "not fully credible"—is clear to the Court. *See Dyer*, 395 F.3d at 1210.  The ALJ considered Claimant's subjective complaints in light of the record as a whole and adequately explained his decision not to fully credit Claimant's alleged limitations on her ability to work.  *See Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772 (11th Cir 2010); *see* also 20 C.F.R. § 404.1529(c)(4).

     It is found that the ALJ's credibility determination was in compliance with

prevailing Eleventh Circuit law.  As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision.  Here, the ALJ applied the proper pain standard and supported his credibility assessment with substantial evidence in the record.

## CONCLUSION

It is found that the Commissioner did not err as to the issue analyzed above. WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be affirmed.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 19th day of August, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE